# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KENNETH MILLER, and** : No. 3:08cv138
**CATHERINE MILLER, his wife,** :
      **Plaintiffs** : (Judge Munley)
:
:
      **v.** :
:
**PROGRESSIVE CASUALTY** :
**INSURANCE COMPANY,** :
      **Defendant** :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiffs' motion to remand. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arising from an automobile accident involving Plaintiff Kenneth Miller and another driver that occurred on February 7, 2005 in Lackawanna County, Pennsylvania. (See Complaint (hereinafter "Complt.") attached as Exh. 1 to Defendants' Notice of Removal (Doc. 1) at ¶ 3). As a result of the accident, plaintiff suffered severe and permanent injuries to his back, knees, hearing, as well as other injuries. (Id. at ¶ 6). These injuries required plaintiff to incur medical expenses, and expects those costs to continue for future treatment. (Id. at ¶¶ 7-8). Though the other driver–who was at fault–was insured at the time of the accident, his insurance did not cover all of the damage plaintiff sustained. (Id. at ¶ 13). Plaintiffs therefore sought coverage from defendant, their insurer, based on an underinsured motorist

provision contained in their policy. (Id. at ¶¶ 17-24). On June 5, 2007, plaintiffs' attorney notified defendant of their intention to seek such coverage and made a demand for arbitration. (Id. at ¶ 24). On August 24, 2007, counsel for defendant wrote plaintiffs' attorney, informing him that defendant had not determined whether to agree to arbitration and contending that the arbitration provision in the insurance contract required approval of both parties. (Id. at ¶ 25). Plaintiff's counsel responded to this letter by providing the insurer with requested medical records related to Plaintiff Kenneth Miller's accident. (Id. at ¶ 26). On November 8, 2007, plaintiff's counsel wrote defense counsel, informing him that if defendant did not articulate a position on arbitration within twenty days, the defendant would file suit. (Id. at ¶ 27).

On December 21, 2007, plaintiffs filed a complaint in the Lackawanna County, Pennsylvania Court of Common Pleas. The complaint consists of two counts. The first count alleges breach of contract in defendant's failure, contending that the insurance company failed to investigate or offer reasonable value for the claim. (Id. at ¶¶ 32-33). On that count, plaintiffs seek "a sum in excess of fifty thousand dollars ($50,000.00) together with compensatory damages, punitive damages, interests, costs of suit, attorney's fees and" any other relief provided by the court. (Id. at ¶ 35). Count II is a bad faith claim under Pennsylvania law. (Id. at ¶ 37). The count alleges that defendant "engaged in wanton and reckless conduct with regards to the welfare, interest and rights of the Plaintiffs" in failing to investigate their claims. (Id.

at ¶ 41). The count therefore seeks compensatory and punitive damages, as well as interest and attorney's fees. (Id. at ¶ 40).

On January 22, 2008, defendant filed a notice of removal with this court. (Doc. 1). On February 13, 2008, plaintiffs filed the instant motion to remand (Doc. 8). The parties then filed briefs, bringing the case to its present posture.

**Legal Standard**

This case is before the court because defendant removed it from state court pursuant to 28 U.S.C. § 1441(a), which gives a defendant the right to remove "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, "[t]he propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 162 (1997). Here, the question is whether this court has diversity jurisdiction to hear the case. Plaintiffs argue that we should remand the case to federal court because the amount in controversy does not meet the minimum requirement set out by Congress to confer diversity jurisdiction on this court. (See 28 U.S.C. § 1332(a)(1) (establishing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different states[.]")). Plaintiff does not dispute that the parties are citizens of different states, but contends that the amount in controversy does not reach the jurisdictional level.

3

"Where a cause of action is based on diversity jurisdiction, the complaint must allege an amount in controversy between the parties in excess of the statutory minimum." Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004). That "amount need not be proven; rather the amount is judged from the face of the complaint and is generally established by good faith allegation." Id. In calculating the jurisdictional amount, "[c]laims for punitive damages may be aggregated with claims for compensatory damages unless the former are 'patently frivolous and without foundation.'" Id. at 355 (quoting Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993)). Such claims "are *per se* 'patently frivolous and without foundation' if they are unavailable as a matter of state substantive law." Id. If a plaintiff has authority under state law to seek punitive damages, however, the claim "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Id.

As a general matter, however, "the party asserting diversity jurisdiction bears the burden of proof." McCann v. George Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). When a complaint does not limit its request to a precise monetary amount, however, we may make an independent appraisal of the value of the rights being litigated to determine whether the amount in controversy is satisfied. Ciancaglione v. Sutherlin, No. Civ. A.04-CV-2249, 2004 WL 2040342 at *2 (E.D. Pa. September 13, 2004). Here, therefore, the defendant, who seeks to exercise the

4

court's jurisdiction through the removal statute, bears the burden of proof. Defendant argues that plaintiffs, by including a claim for punitive damages, have satisfied the amount in controversy requirement. Defendant also points out that plaintiffs have demanded that Progressive provide the policy limits for their accident: $200,000, demonstrating that the amount in controversy exceeds the jurisdictional minimum.

We agree with the defendant. First, plaintiffs made a demand to the defendant seeking $200,000 to resolve the dispute. Accordingly, plaintiffs themselves point to an amount in controversy that exceeds $75,000 and on those grounds we find that the jurisdictional prerequisite has been satisfied. See Ketz v. Progressive Northern Ins. Co., No. 3:07cv731, 2007 WL 1726514 (M.D. Pa. June 14, 2007) (finding that when plaintiff made a settlement demand of $200,000 prior to filing the lawsuit "an independent appraisal of the claim's value reveals an amount in controversy of $200,000."). Moreover, though plaintiffs claim to seek a sum certain less than $75,000, they also allege that they are entitled to punitive damages. The parties do not dispute that punitive damages are available in a Pennsylvania bad-faith insurance case. Since a claim for punitive damages is not *per se* frivolous in this case, the court must consider that claim in determining whether the claim meets the jurisdictional minimum. In combination with the actual damages claimed, the presence of punitive damages means that the jurisdictional minimum has been met. See, e.g., Valley v. State Farm Fire & Cas. Co., 504 F.Supp. 2d 1, 6 (E.D. Pa. 2006)

(finding that compensatory claims of $31,445.65, when combined with a bad-faith insurance claim seeking punitive damages, met the jurisdictional minimum).  We will therefore deny the motion to remand.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH MILLER, and** | : | No. 3:08cv138 |
| **CATHERINE MILLER, his wife,** | : | |
| **Plaintiffs** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **PROGRESSIVE CASUALTY** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 17th day of April 2008, the plaintiffs' motion to remand (Doc. 8) is hereby **DENIED**.

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **UNITED STATES DISTRICT COURT**